UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SANDRA L. ROBERSON,           )
                              ) No. CV-10-23-JPH
          Plaintiff,          )
                              ) ORDER GRANTING DEFENDANT'S
v.                            ) MOTION FOR SUMMARY JUDGMENT
                              )
MICHAEL J. ASTRUE, Commissioner )
of Social Security,           )
                              )
          Defendant.          )
                              )
                              )
_____)

     BEFORE THE COURT are cross-motions for summary judgment noted
for hearing without oral argument on February 18, 2011 (Ct. Rec.
14, 20). Attorney Maureen J. Rosette represents Plaintiff; Special
Assistant United States Attorney Gerald J. Hill represents the
Commissioner of Social Security (Commissioner). The parties have
consented to proceed before a magistrate judge (Ct. Rec. 8). On
January 18, 2011, plaintiff filed a reply (Ct. Rec. 22). After
reviewing the administrative record and the briefs filed by the
parties, the court **grants** defendant's motion for summary judgment
(Ct. Rec. 20) and **denies** plaintiff's motion for summary judgment
(Ct. Rec. 14).

**JURISDICTION**

     Plaintiff concurrently filed applications for supplemental
security income (SSI) and disability insurance income (DIB) on

June 13, 2005, alleging onset as of December 30, 2001 (Tr. 95-105, 106-112). The applications were denied initially and on reconsideration (Tr. 36-37, 43-46). Administrative Law Judge (ALJ) R. J. Payne held hearings on November 1, 2007, and March 18, 2008 (Tr. 560-565, 568-610). Plaintiff, represented by counsel, and R. Thomas McKnight, Ph.D., testified. On April 19, 2008, the ALJ issued a decision finding that plaintiff was disabled when substance abuse is included (Tr. 21). He found when DAA is excluded, plaintiff is not disabled (Tr. 22-23). The ALJ concluded DAA is a factor materially contributing to plaintiff's disability determination (Tr. 27). He found plaintiff is barred from receiving benefits and is not disabled (Tr. 27).

With respect to plaintiff's prior (2002) applications (Tr. 113-115), the ALJ notes they were initially denied October 13, 2003, and plaintiff did not appeal (Tr. 17, referring to Tr. 51-54). The ALJ did not find good cause to reopen the initial determination, meaning the relevant period in the present case begins October 18, 2003, the day after the agency issued the initial determination (Tr. 17, 560, citing 20 C.F.R. § 404.987 *et seq*. and 416.1488 *et seq*.).

The Appeals Council denied plaintiff's request for review on December 5, 2009 (Tr. 6-8). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on January 25, 2010 (Ct. Rec. 1,4).

### STATEMENT OF FACTS

The facts have been presented in the administrative hearing

transcript, the ALJ's decision, the briefs of the parties, and will only be summarized here.

Plaintiff testified she was 40 years old and has a high school education (Tr. 587-588). She has worked as a pizza maker, cashier, food vendor, waitress, telemarketer, and assembler (Tr. 251, 589-592). She lives with her two teenaged children (Tr. 189, 588). In July 2005, plaintiff reported she cooks, cleans, does laundry, irons, shops, reads, sews, and enjoys going out to play bingo (Tr. 189, 191-193). In November and December of 2005, she worked as an assembler but at less than SGA levels (Tr. 218, 223, 236). Plaintiff testified after undergoing treatment for DAA in March and April 2004, she remained clean for eight months. Then, in January 2005, she relapsed and used drugs for eight months (Tr. 597-598, 600). She used drugs "off and on" from 2005 to 2007 (Tr. 601). Plaintiff last used in May 2007 and had been clean for ten months at the time of the hearing (Id.). She volunteers twice a week at AA, rides the bus, watches television, and cleans (Tr. 602, 605). She has had no seizures since becoming clean (Tr. 604). Ms. Roberson alleges when DAA is excluded, she is unable to work due to foot pain[1] and mental impairments, including depression and anxiety (Tr. 602-603).

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

[1]Although plaintiff testified foot pain prevents her from working, her appeal is limited to the ALJ's assessment of mental impairments.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                         - 3 -

can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i),416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

Case 2:10-cv-00023-JPH   Document 23   Filed 02/15/11

impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 5 -

The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C)and 1382(a)(3)(J); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether the DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602(9th Cir. 1989);

*Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found plaintiff met the DIB requirements and was insured through June 30, 2006 (Tr. 18, 20). At step one, he found

plaintiff has not engaged in substantial gainful activity since October 13, 2003, the day after her prior application was denied (Tr. 20). At step two, the ALJ found Ms. Roberson suffers from the severe impairments of substance abuse and personality disorder (Tr. 20). At step three, he found these impairments met two of the Listed impairments, 12.08 and 12.09 (Tr. 21), meaning plaintiff was disabled. Because the ALJ found plaintiff disabled, he then considered, pursuant to *Bustamante v. Massanari*, if Ms. Roberson would continue to be disabled if she stopped abusing substances (Tr. 21-26).

When substance abuse is excluded, at step two the ALJ found plaintiff does not suffer an impairment or combination of impairments that significantly limits her ability to perform basic work activities (Tr. 26). He found DAA is a contributing factor material to the disability determination. Accordingly, the ALJ found plaintiff is not disabled as defined by the Social Security Act (Tr. 27).

**ISSUES**

Plaintiff alleges the Commissioner erred at step two when he found her mental impairments are not severe, when DAA is excluded (Ct. Rec. 15 at 8-12). She alleges he erred because he failed to properly weigh the opinions of Drs. Shecter, Rosenkrans, Pollack, and McKnight (Ct. Rec. 15 at 13-15). The Commissioner responds that the ALJ properly weighed the evidence. He asks the Court to affirm (Ct. Rec. 21 at 2, 5, 9-15).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                          - 8 -

existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 9 -

1    In addition to the testimony of a nonexamining medical

2  advisor, the ALJ must have other evidence to support a decision to

3  reject the opinion of a treating physician, such as laboratory

4  test results, contrary reports from examining physicians, and

5  testimony from the claimant that was inconsistent with the

6  treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747,

7  751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th

8  Cir. 1995).

9  *Dr. Shecter*

10    The ALJ considered the January 16, 2006, opinion of examining

11  psychologist Nina Shecter, Ph.D. (Tr. 24, 313-317). Dr. Shecter

12  administered the Mental Status Exam (MSE), Beck depression

13  inventory, and conducted a clinical interview (Tr. 313). Plaintiff

14  said she was diagnosed with schizophrenia two weeks earlier and

15  had never seen a psychiatrist. Dr. Shecter's record review was

16  limited to treatment notes from three visits in 2005 to Michael

17  Yourzek, PAC (Tr. 313, 317). Dr. Shecter notes Mr. Yourzek changed

18  antidepressant medication at each visit, and increased prescribed

19  anti-psychotic medication, zyprexa (Tr. 313). Plaintiff did not

20  know how much prescribed medication she takes. She has not used

21  drugs for eight months (Tr. 314). Dr. Shecter observes Ms.

22  Roberson was less than forthcoming, and blamed it on tiredness due

23  to medications (Tr. 315). She diagnosed major depressive disorder,

24  recurrent, severe with psychotic features[2]; bipolar disorder,

25  severity unspecified, and history of substance dependence, by self

26

27

28    [2]The diagnosis of psychotic features appears to be based on
    plaintiff's somewhat vague descriptions of auditory and visual
    hallucinations (Tr. 315-316).
  ORDER GRANTING DEFENDANT'S MOTION
  FOR SUMMARY JUDGMENT                              - 10 -

report. Dr. Shecter assessed a current GAF of 31. She recommended
a psychiatric evaluation to determine if bipolar disorder "truly
exists," adjustment of medications as necessary, random drug
testing, and parenting classes. She opined plaintiff was currently
unable to work (316-317).

*Dr. Rosenkrans*

At the first hearing Dr. McKnight opined further
psychological testing was needed. Accordingly, plaintiff was
examined on November 29, 2007, by psychologist Frank Rosenkrans,
Ph.D. (Tr.443-450). He assessed cocaine dependence, malingering
and borderline personality disorder (Tr. 449). Dr. Rosenkrans
diagnosed malingering in part because reported hallucinations were
so atypical as to be only diagnosable as malingering, as the ALJ
notes (Tr. 25, 444, 450). He assessed a GAF of 60 indicating
moderate symptoms or impairment (Tr. 449).

*Dr. Pollack*

The ALJ considered Dr. Pollack's March 2008 opinion (Tr. 25-
26, 524-533). He diagnosed polysubstance dependence, in remission,
bipolar disorder, and personality disorder NOS. He notes scores
indicate plaintiff "may have been overstating her difficulties"
and assessed a GAF of 55 (Tr. 527-529).

To aid in weighing the conflicting medical evidence, the ALJ
evaluated plaintiff's credibility and found her less than fully
credible (Tr. 23-24), a determination she does not challenge on
appeal. Credibility determinations bear on evaluations of medical
evidence when an ALJ is presented with conflicting medical
opinions or inconsistency between a claimant's subjective
complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d

683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility
determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.
1995). However, the ALJ's findings must be supported by specific
cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.
1990). Once the claimant produces medical evidence of an
underlying medical impairment, the ALJ may not discredit testimony
as to the severity of an impairment because it is unsupported by
medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.
1998). Absent affirmative evidence of malingering, the ALJ's
reasons for rejecting the claimant's testimony must be "clear and
convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).
"General findings are insufficient: rather the ALJ must identify
what testimony not credible and what evidence undermines the
claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v.
Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Although there is some evidence of malingering, ALJ Payne
gave clear and convincing reasons for his credibility assessment,
including activities inconsistent with claimed disabling
limitations, failure to allege disabling mental limitations, and
inconsistent statements (Tr. 23-24). The ALJ points out raising
teenagers as a single parent is an activity inconsistent with
claimed disabling mental limitations. He notes plaintiff testified
she lost her last two jobs as a result of foot problems. On
appeal, she claims disabling mental, but not physical,
limitations.

The ALJ's reasons for finding plaintiff less than fully
credible are clear, convincing, and fully supported by the record.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 12 -

*See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)
(proper factors include inconsistencies in plaintiff's statements,
inconsistencies between statements and conduct, and extent of
daily activities).

When the ALJ weighed the medical evidence he considered the
testimony of Dr. McKnight (Tr. 24-26).

With respect to Dr. Shecter's contradicted opinion, the ALJ
relied on Dr. McKnight's testimony that people with cocaine or
marijuana dependence can have psychotic kinds of responses to the
drugs[3], and that claimant's bipolar symptoms were related to her
substance dependence (Tr. 24). The ALJ rejected Dr. Shecter's
conclusions because she failed to separate out the effect of DAA
on plaintiff's functioning (Tr. 24). This is a specific and
legitimate reason.

With respect to Dr. Rosenkrans's contradicted opinion, Dr.
McKnight opined plaintiff's hallucinations may have been drug
induced. The ALJ opines it does not appear Dr. Rosenkrans
considered this possibility and instead diagnosed malingering (Tr.
25). Again, this reflects a failure to separate out the effects of
DAA. Since the ALJ found plaintiff disabled when DAA is included,
the only relevant inquiry is whether she suffers more than minimal
limitation when DAA is excluded.

With respect to Dr. Pollack's contradicted opinion, the ALJ
notes Dr. McKnight testified plaintiff's scores on the MMPI-2 and

---

[3]Spokane Mental Health, for example, made a rule out
diagnosis of cocaine-induced psychotic disorder with
hallucinations in August and October 2007 (Tr. 482, 488, 498).
Plaintiff told two different professionals she experienced audio
and visual hallucinations while using cocaine heavily (Tr. 341,
464).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 13 -

Millan are inconsistent (Tr. 25). The MMPI scores do not show significant difficulties in areas the Millan does, and the Millan tends to over diagnose (Tr. 25-26). Dr. Pollack assessed a marked limitation in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances (Tr. 26). The ALJ relied on Dr. McKnight's testimony that plaintiff was drug free for the past several months; during that time she was noted to interact well with examiners, arrive on time and follow directions, evidence that contradicts Dr. Pollack's assessed marked limitation. These are specific, legitimate reasons supported by substantial evidence.

Contrary to plaintiff's assertion, the ALJ relied on more than Dr. McKnight's testimony when he weighed the examining professionals' opinions. He relied on plaintiff's credibility, including inconsistent reports of drug use, and the entire record, when he weighed the conflicting evidence.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's decision is supported by substantial evidence. His reasons for discrediting some of the examining psychologists' contradicted opinions are specific, legitimate and supported by

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 14 -

the record.

**B. Materiality of DAA**

The ALJ found if plaintiff refrained from substance abuse, her impairments would be non-severe. She alleges this is error (Ct. Rec. 15 at 8-15).

The ALJ accurately points out plaintiff has described herself as able to sleep, stay calm, and have no hallucinations when abstinent and medication compliant (Tr. 23, referring to Ex. 6F/1, 21F). She has quit taking prescribed antidepressant medication many times throughout the record, but continues to request it because, she alleges, her depression improves when she takes it as prescribed (*see, e.g.*, Tr. 267-269)(in 2003, symptoms improved on medication); (in 2005, Tr. 306-307, 312)(medications are working)(in 2006, Tr. 390)(same). In March 2006 plaintiff reported she is using crack and marijuana when she needs to slow down (Tr. 398).

In July 2007, plaintiff told treating professional Scott Gilbert, MSW, that depression, for the most part, has not been a problem recently (Tr. 385). Significantly, she had been incarcerated (and apparently drug free) for three weeks. Ms. Roberson was released from jail on June 11, 2007 (Tr. 340; 465), shortly before she saw Mr. Gilbert. In August 2008, she reports "doing great, working," and "not doing drugs" (Tr. 468-469), and denies depression and does not report periods of hyperactivity (Tr. 488).

Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits. *Warre v. Comm'r of Soc. Sec. Admin.*,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 15 -

439 F.3d 1001, 1006 (9th Cir. 2006).

At step two, when DAA is excluded, the ALJ found any impairments are non-severe (i.e., cause no more than a slight abnormality that would have no more than a minimal effect on her ability to work). His conclusion is fully supported by the medical and other evidence. *See* 20 C.F.R. §§ 404.1521 and 416.921.

### CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 20)** is **granted.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **denied.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **close** this file.

DATED this 15th day of February, 2011.

s/ James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE